IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RONALD VOSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06-3022 |
| | ) |
| DONALD KLIMENT, Chief of | ) |
| Police of the City of Springfield, in | ) |
| his individual capacity; and | ) |
| WILLIAM ROUSE, Deputy Chief | ) |
| of Police of the City of Springfield, | ) |
| in his individual capacity, | ) |
| | ) |
| Defendants. | ) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff Ronald Vose's Motion for Finding Defendants' Appeal to be Frivolous and Setting of Revised Discovery Schedule (d/e 23). For the reasons set forth below, Plaintiff's Motion is DENIED.

On February 1, 2006, Vose filed a two-count Complaint (d/e 1), alleging violations of 42 U.S.C. § 1983 based on injuries resulting from deprivations of his First and Fourteenth Amendment rights. Defendants

1

Donald Kliment and William Rouse moved to dismiss the Complaint, arguing, among other things, that they were entitled to qualified immunity. Relying on the Supreme Court's decision in Garcetti v. Ceballos, the Defendants asserted that Garcetti clarified and narrowed the rights of public employees to speak out on issues which are inherently part of their job duties and, as such, the applicable law was not clearly established at the time of the events in question so that the official would have reasonably known that his conduct violated a constitutional right.  See Garcetti, 126 S.Ct. 1951 (2006).

In an Opinion (d/e 21) entered March 8, 2007, this Court denied the Defendants' Motion to Dismiss (d/e 17), finding, among other things, that the Defendants were not entitled to qualified immunity and that Garcetti did not change the law applicable to First Amendment actions in the Seventh Circuit.  On April 3, 2007, the Defendants filed a Notice of Appeal (d/e 22) as to the Court's ruling on the qualified immunity issue.  Vose has filed the instant Motion, asking the Court to find Defendants' interlocutory appeal to be frivolous and to enter a revised scheduling order.

The Supreme Court's decision in Mitchell v. Forsyth "authorized *pre-trial* appeals for defendants claiming qualified immunity".  McMath v. City

of Gary, 976 F.2d 1026, 1030 (7th Cir. 1992). Typically, "a proper Forsyth appeal divests the district court of jurisdiction (that is, authority) to require the appealing defendants to appear for trial." Apostol v. Gallion, 870 F.2d 1335, 1338 (7th Cir. 1989). This rule does not apply if the appeal is frivolous or baseless. Blue Cross and Blue Shield Association v. American Express Company, 467 F.3d 634, 637 (7th Cir. 2006). That is, "[i]f the claim of immunity is a sham . . . the notice of appeal does not transfer jurisdiction to the court of appeals, and so does not stop the district court in its tracks. . . . Similarly, a notice of appeal may be so baseless that it does not invoke appellate jurisdiction." Apostol, 870 F.2d at 1339 (citing cases). The district courts are "to act with restraint in using their power to certify the frivolity of an appeal." McMath, 976 F.2d at 1030. This is because a defendant's right to file a Forsyth appeal "would be eviscerated if district courts, cloaked with the authority of *Apostol*, could too easily certify even potentially meritorious appeals as frivolous." Id.

   The Court is of the opinion that the Defendants' Forsyth appeal is neither frivolous nor baseless. After this Court issued its Opinion denying the Defendants' Motion to Dismiss, the Seventh Circuit issued its decision in Spiegla v. Hull in which it reexamined its previous decision in light of

3

Garcetti. Spiegla, 481 F.3d 961, 965 (7th Cir. 2007); see Spiegla v. Hull, 371 F.3d 928 (7th Cir. 2004). In so doing, the Seventh Circuit stated that the Garcetti ruling changed the standard applicable to cases involving public employees' right to speak out on a matter of public concern. Id.; see also Sigsworth v. City of Aurora, __F.3d__, 2007 WL 1518536 (7th Cir. May 25, 2007). The Seventh Circuit explained that, prior to Garcetti, to determine whether a public employee's speech was constitutionally protected, courts were required to evaluate the content, form and context of the challenged speech at issue, with content being the most important consideration. Spiegla, 481 F.3d at 965. According to the Seventh Circuit, "[a]fter *Garcetti*, however, the threshold inquiry is whether the employee was speaking as a citizen; only then [can the court] inquire into the content of speech." Id. (citing Mills v. City of Evansville, 452 F.3d 646, 647-48 (7th Cir. 2006)). The Seventh Circuit found that "*Garcetti* made clear that public employees speaking 'pursuant to their official duties' are speaking as employees, not citizens, and thus are not protected by the First Amendment regardless of the content of their speech." Id. (citing Garcetti, 126 S.Ct. at 1959-60).

    This Court in its Opinion distinguished the facts of the instant case,

4

as set forth in the Complaint, from the facts of <u>Garcetti</u> and reasoned that the allegations of the Complaint were adequate to support a finding that Vose did not simply speak as a police officer fulfilling his job duties. <u>Opinion entered March 8, 2007</u>, at 20. In the Opinion, this Court, however, stated that the <u>Garcetti</u> ruling did not change the law applicable to public employees' First Amendment rights. <u>Id.</u> at 27. In ruling on the Defendants' Motion to Dismiss, this Court therefore used the pre-<u>Garcetti</u> standard by considering the content, form, and context to determine whether the allegations of Vose's Complaint were sufficient to state a claim for First Amendment retaliation. Because the <u>Garcetti</u> ruling changed the applicable standard, the Defendants' <u>Forsyth</u> appeal is not frivolous or baseless.

THEREFORE, for the reasons set forth above, Plaintiff Vose's Motion for Finding Defendants' Appeal to be Frivolous and Setting of Revised Discovery Schedule (d/e 23) is DENIED. The matter is stayed pending the resolution of the Defendants' interlocutory appeal. The Court therefore cancels the pretrial conference set for August 6, 2007, at 10:00 a.m., and trial set for August 7, 2007, at 9:00 a.m.

IT IS THEREFORE SO ORDERED.

ENTER: June 1, 2007.

    FOR THE COURT:

                                                                     s/ Jeanne E. Scott
                                                           JEANNE E. SCOTT
                                        UNITED STATES DISTRICT JUDGE